# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00059-FDW

| | |
|---|---|
| TREVOR MOHAMMED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIK A. HOOKS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1-1 at 9-15], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A.

## I. BACKGROUND

Pro se Plaintiff Trevor Mohammed ("Plaintiff"), a North Carolina state inmate currently incarcerated at Alexander Correctional Institution ("Alexander") located in Taylorsville, North Carolina, filed this action in the Superior Court of Wake County, North Carolina, on September 20, 2018, under 42 U.S.C. § 1983. [Doc. 1-1 at 3]. Plaintiff names the following individuals as Defendants in this matter: (1) Erik A. Hooks, identified as the Secretary of the N.C. Department of Public Safety (NCDPS); (2) Kenneth Beaver, identified as Administrator of Alexander; and (3) Christopher Murray, identified as Assistant Unit Manager for Blue Unit at Alexander. [Doc. 1-1 at 10].

On December 17, 2018, Defendant Erik A. Hooks filed a Notice of Removal Pursuant to 28 U.S.C. §§ 1441 and 1446, removing the case to the United States District Court for the Eastern District of North Carolina. [Doc. 1]. On May 14, 2019, the Honorable Terrence W. Boyle, Chief District Court Judge, ordered the case be transferred to the United States District Court for the

Western District of North Carolina. [Doc. 4].

The Court takes the following allegations by Plaintiff as true for the purpose of this initial review:

> 10. Plaintiff is housed on Blue Unit at Alexander and has been subjected to various constitutional violations (such as: denial of proper housing, medical device, etc., staff failure to process submitted sick calls seeking treatment for serious medical needs; staff failure to honor order from specialist; etc)
>
> 11. Plaintiff was subjected to reprisal tactics and retaliatory acts for exercising his constitutional rights – by utilizing the avenue available to seek relief for such violated acts, with the prison system, the "Administrative Remedy Procedure" (Form DC-410).
>
> 12. Plaintiff First Amendment Right was constantly violated by defendants' conspiratorial practice – that consist of manifold reprisals and "deliberate disregard" for rules and regulations which govern their duty to receive, process and answer submitted grievances (DC-410) in compliance with State of North Carolina Department of Public Safety Division of Prisons Policy & Procedure (P & P), Chapter G, section .0300 Administrative Remedy Procedure, and Chapter 148 State Prison System.
>
> …
>
> 14. [W]hen plaintiff exercise use of the grievance procedure, officials join together to harass (N.C. Gen. Stat. 148-118-1976) and retaliate (148-118) against plaintiff with a combination of unethical acts, including the following:
>
> (A) – Claim to never have received DC-410 from plaintiff;
> (B) – Claim to return DC-410 to plaintiff (but plaintiff never receives DC-410);
> (C) – Refuse to give receipt for DC-410;
> (D) – Refuse to answer DC-410;
> (E) – Detach supporting documents from DC-410;
> (F) – Punitive and harassing cell and body searches (to dissuade submittal of DC-140).
>
> 15. Plaintiff has personally experienced the mentioned harassment (among others).

[Doc. 1-1 at 11-12 (grammatical errors uncorrected)].

Plaintiff generally claims "various constitutional violations," but only specifically references deprivation of his rights under the First Amendment for "the deliberate disregard to comply with rules that set forth specific guidelines to be followed." [Doc. 1-1 at 11, 13]. Plaintiff also appears to seek relief for the lack of compliance with the prison grievance procedure, as well as for retaliation for Plaintiff's use of the grievance process. [See id. at 13].

For injuries, Plaintiff claims that he has suffered mental anguish as a result of the alleged conduct. [Doc. 1-1 at 12].

Plaintiff seeks declaratory, injunctive and monetary relief. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

In its initial review, the Court finds that Plaintiff's Complaint suffers from many deficiencies. Plaintiff must therefore amend his Complaint, or this action will be subject to dismissal without prejudice and without further notice to Plaintiff. For instance, Plaintiff makes no allegations regarding which officer or officers he contends personally participated in the alleged violations and appears to name only individuals in their supervisory capacities. To the extent that Plaintiff has named various supervisors at the prisons where he has been incarcerated or otherwise solely based on their supervisory positions, these Defendants are subject to dismissal. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). In his amended complaint, Plaintiff must allege how each individual Defendant personally participated in the alleged violations of constitutional rights.

To the extent Plaintiff intends to state a due process claim for any defendant's failure to comply with the grievance procedure, to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Prisoner's generally do not have a constitutional right of access to grievance procedures. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). The allegations Plaintiff presents in his Complaint, therefore, are insufficient to state a claim for a violation of Plaintiff's due process rights even if Plaintiff had alleged particularized conduct by a defendant or defendants.

Plaintiff also references Alexander's failure to address his "serious medical needs." [Doc. 1-1 at 10]. To the extent Plaintiff seeks relief for an Eighth Amendment violation based on deliberate indifferent to a serious medical need, Plaintiff must fully and properly set forth facts in support in such a claim. The allegations in Plaintiff's Complaint are woefully insufficient in this regard.

In sum, Plaintiff's Complaint, as submitted, suffers from numerous deficiencies and fails to state a claim against any named Defendant. The Court, therefore, will allow Plaintiff the opportunity to amend his Complaint, if he so chooses.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the complaint, particularizing his claims and providing facts to support his legal claims against each Defendant. If Plaintiff fails to amend the complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without

5

further notice to Plaintiff.

2. The Clerk is respectfully instructed to mail Plaintiff a new Section 1983 form for Plaintiff to submit an amended complaint, if he so wishes.

Signed: November 17, 2019

Frank D. Whitney
Chief United States District Judge